Filed 6/13/22  Natareno v. Whitlock CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MITSY LILIANA NATARENO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DRAKE WHITLOCK,<br><br>Defendant and Appellant. | B310060<br><br>(Los Angeles County<br>Super. Ct. No.<br>20CHRO00648) |

APPEAL from an order of the Superior Court of Los Angeles County, David A. Rosen, Judge.  Appeal dismissed.

The Appellate Law Firm and Berangere Allen-Blaine for Defendant and Appellant.

Mitsy Liliana Natareno, in pro. per., for Plaintiff and Respondent.

———————————————

On October 21, 2020, after multiple hearings, the trial court issued a one-year civil harassment restraining order against Drake Whitlock under Code of Civil Procedure section 527.6, protecting Mitsy Natareno.  Whitlock appealed, challenging the fairness of the hearings and the sufficiency of the evidence supporting the restraining order.  Natareno did not file a respondent's brief.  On October 21, 2021, while this appeal was pending, the restraining order expired.

We invited the parties to file supplemental briefing under Government Code section 68081, addressing whether the expiration of the restraining order rendered the appeal moot.  Plaintiff and respondent Natareno filed a letter brief arguing the appeal is moot because the restraining order expired and was not renewed.  Defendant and appellant Whitlock did not file a supplemental brief addressing the question of mootness.

 As a general rule, "a case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.)  " ' "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." ' " (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495 [appeal from a one-year civil harassment restraining order was not moot where the plaintiff/respondent renewed the restraining order prior to its expiration under Code of Civil Procedure section 527.6, subdivision (j)].)  "However, 'there are three discretionary exceptions to the rules regarding mootness:  (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question

2

remains for the court's determination.' " (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)

The one-year civil harassment restraining order from which Whitlock appeals has expired, and there is no effective relief we can grant Whitlock by his appeal. Based on our review of the record, Whitlock's opening brief, and Natareno's letter brief, none of the discretionary exceptions to the mootness doctrine applies here. Accordingly, we dismiss this appeal as moot.

## DISPOSITION

The appeal is dismissed. No costs are awarded on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

MORI, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3